** Summary ** TEACHERS LEAVE REGULATIONS A teacher's sick leave plan may not provide that the teachers receive ten days sick leave at the beginning of each school year, except that a teacher who has previously accumulated so many days would possess that amount of sick leave at the beginning of a school year; Personal business may or may not be a part of emergency leave, depending upon the local board of education's determination and in either event, the local board of education is not required to give a teacher emergency leave to be used for personal business; Absent a regulation to the contrary, a local board of education is required to pay a substitute teacher in the same manner and amount as would be paid the regular teacher and in such instance if the regular teacher's sick leave has been exhausted, the amount of payment to the substitute shall be deducted from the amount next payable to the regular teacher. All provisions contained in Attorney General Opinion No. 68-326, November 15, 1968, which are in conflict with this opinion, are hereby overruled and superseded. The Attorney General has considered your opinion request wherein you ask the following questions: "1. May a teacher's sick leave plan provide that the teachers receive ten days sick leave at the beginning of each school year rather than receiving it one day each month for a period of ten months? "2. If personal business is not a part of emergency leave, is a board of education required to give a teacher emergency leave to be used for personal business? "3. May a board of education set a substitute teacher's pay at one figure in a case where a substitute teacher is substituting for the regular teacher who still has sick leave left, and a different figure for the same substitute teacher substituting for the same teacher after the sick leave is used up?" Title 70 O.S. 6-104 [70-6-104] (1971) provides as follows: "A. The Board of Education of each school district in the State shall provide for sick leave for all teachers employed in the district and shall pay such teachers the full amount of their contract salaries during any absence from their regular school duties for a period of time and under such conditions as the Board may determine, but not less than the minimum benefits hereafter specified. Payment for sick leave shall be made on the basis of the current salary rate then in effect for the teacher receiving the payment. The plan shall provide that a teacher may be absent from his duties due to personal illness or illness in the immediate family without the loss of salary for not to exceed ten days during each school year. The school district may exclude not more than the first two days of absence due to illness from sick leave benefits as part of its plan. Each school district shall provide not more than two days each year for emergency leave. Each school district will determine the purposes for which emergency leave can be used. Those days shall not be chargeable to sick leave, and will be noncumulative. Leave shall accrue at the rate of one day or more per calendar month based upon a ten month school year. Unused sick leave shall be cumulative up to a total of sixty days, but cumulative sick leave shall not be transferable to another district and shall expire if the teacher leaves the employment of the school district in which accumulated. Each school district shall adopt an appropriate plan to provide for serious illness, death in the immediate family or other similar extreme circumstances." (Emphasis added) The clear language of the foregoing statute provides that leave shall accrue at the rate of one day or more per calendar month based on a ten month school year. Accordingly, a teacher could only possess ten days sick leave at the beginning of a school year where that teacher had previously accumulated that many days prior to the beginning of the school year, by virtue of longevity. Title 70 O.S. 6-105 [70-6-105] (1971), provides in part as follows: "A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." Section 70 O.S. 6-104 [70-6-104] specifically provides that each school district shall provide for not more than two days emergency leave each year and that each school district will be the determinative source as to the purposes for which emergency leave can be used. Further, such emergency leave days are not chargeable to sick leave and are noncumulative. The important distinction between emergency leave and leave for personal business is that for personal business there will be deducted from the regular teacher's salary that amount which is required to pay the substitute teacher, whereby emergency leave requires no such deduction. It is obvious that a board of education is not required to give a teacher emergency leave to be used for personal business, it being the discretion of the school district to determine the purpose for which emergency leave can be used. If a school district does determine that certain personal business does constitute emergency leave, then no deduction would be applicable. Conversely if the particular personal business is found to be not categorized as emergency leave, then the deduction would be applicable. Section 70 O.S. 6-105 [70-6-105] further provides as follows: "A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher, the regular teacher and the board of education or according to regulations of the board. In the absence of any such agreement or regulation, such substitute teacher shall be paid in the same manner and amount as would have been paid the regular teacher, and the amount of the payment shall be deducted from the amount next payable to the regular teacher. Provided, that each reduction shall be only for the time lost in excess of the sick leave to which the regular teacher is entitled. " Attorney General Opinion No. 68-326 (November 15, 1968) construed the foregoing statute. The opinion emphasized the fact that the Board of Education is free to adopt regulation effecting the amount of payment to substitute teachers. Accordingly, absent a regulation to the contrary, the substitute teacher must be paid the same amount as would have been paid the regular teacher, regardless of whether the regular teacher has utilized all sick leave available or not. Therefore it is the opinion of the Attorney General that your questions be answered as follows: 1. A teacher's sick leave plan may not provide that teachers will receive ten days sick leave at the beginning of each school year except that a teacher who has previously accumulated so many days would possess that amount of sick leave at the beginning of a school year; 2. Personal business may or may not be a part of emergency leave, depending upon the local board of education's determination, and in either event, the local board of education is not required to give a teacher emergency leave to be used for personal business; 3. Absent a regulation to the contrary, a local board of education is required to pay a substitute teacher in the same manner and amount as would be paid the regular teacher and in such instance if the regular teacher's sick leave has been exhausted, the amount of payment to the substitute shall be deducted from the amount next payable to the regular teacher. All provisions contained in Attorney General Opinion No. 68-326, November 15, 1968, which are in conflict with this opinion, are hereby overruled and superseded. (Larry L. French)